# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIS EDWARD PRIEST, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORIZON HEALTH, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01643-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Hollis Edward Priest, III ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 21, 2014. He names Corizon Health and LVN Vivian Tagoe as Defendants.[1]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 30, 2014.

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Fresno County Jail.  He states that he has been incarcerated for almost three months and has been denied medical attention.

On the day of his arrest, Plaintiff states that he was in an accident that caused several injuries, including head trauma.  He alleges that his injuries were ignored and he did not receive any medical treatment.

At one point, he was sent to medical after a number of verbal complaints. However, the nurse on duty (who, based on an exhibit, was Defendant Tagoe), "ensued a verbal debate which eventually led to complete refusal of treatment" for a large infection on his stomach. ECF No. 1, at 3-4. Based on an inmate grievance attached to his complaint, Plaintiff saw Defendant Tagoe on August 17, 2014, for an infection. From the moment he was on the medical table, Defendant Tagoe began questioning Plaintiff about his drug usage. Plaintiff told her that he had been clean for five months, but Defendant Tagoe told him that the infection was from drug use. After several attempts to explain that he had several open wounds from a car accident on the day of his arrest, Defendant Tagoe made no attempt to begin treatment. ECF NO. 1, at 7.

Plaintiff states that he has also been trying to be seen, for three months, for "venous angioma," a condition that can cause an aneurism. He alleges that he has not been seen by a doctor and has not received medical care.

Plaintiff also has nerve/tendon damage in his left thumb from a work injury. He has made numerous requests for medical attention, but he has been neglected.

According to an October 3, 2014, inmate grievance, Plaintiff states that he has not been called to see a doctor even though he has made 12 requests. ECF No. 1, at 8. It appears that he has seen nurses several times. ECF No. 1, at 15.

In an October 4, 2014, grievance, Plaintiff states that he has been trying to see mental health for nearly two months to address depression, anxiety, claustrophobia and audio/visual hallucinations. ECF No. 1, at 9. Plaintiff indicates that he has seen two assistants. ECF No. 1, at 16.

**C.   DISCUSSION**

   1.   Medical Care

It is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011,1017-1018 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Thus, the analysis under the Eighth

1  Amendment is used regardless of Plaintiff's status.

2  While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, Plaintiff alleges that he saw Defendant Tagoe for an infection on his stomach. Although Plaintiff told her that it was from a car accident, Defendant Tagoe told Plaintiff that it was caused by drug use. Defendant Tagoe allegedly denied treatment. However, although Plaintiff may have disagreed with her diagnosis and lack of treatment, it does not necessarily mean that she acted with deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not shown that Defendant Tagoe's treatment decision was medically unacceptable under the circumstances, and that the decision was made in conscious disregard of an excessive risk to his health or safety.

Insofar as Plaintiff complains generally of not receiving medical care, his allegations are too vague to state a claim. First, he fails to link any specific defendant to the alleged denial of treatment. Second, it appears that Plaintiff was receiving some form of treatment because he was seen by nurses and psychiatrists' assistants on numerous occasions. Certainly, a *complete* denial of medical care is not required to show deliberate indifference, Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000), but Plaintiff does not provide sufficient facts to permit an analysis of his claim.

For these reasons, Plaintiff fails to state an Eighth Amendment claim.

2.   Corizon Health

There is no vicarious liability under section 1983, including a section 1983 action against a private entity acting under color of state law. To state a claim under section 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138–39 (9th Cir.2012); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997).

Here, Plaintiff makes no claims that Corizon Health acted pursuant to any policy or decision. In fact, he includes no allegations specifically relating to Corizon Health.

Plaintiff therefore fails to state a claim against Corizon Health.

**D.   ORDER**

Plaintiff does not state any cognizable claims. The Court will provide Plaintiff with an opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 11, 2015**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE