# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLIS EDWARD PRIEST, III, | Case No. 1:14-cv-01643-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| CORIZON HEALTH, et al., | |
| Defendants. | |

Plaintiff Hollis Edward Priest, III ("Plaintiff") is an inmate at the Fresno County Jail proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 21, 2014.[1]

On March 11, 2015, the Court screened his complaint and dismissed it with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of the order.

After that time period passed, the Court issued an order to show cause on April 24, 2015. Plaintiff was instructed to respond to the order, or file an amended complaint, within twenty-one (21) days of the date of service. Over twenty-one (21) days have passed and Plaintiff has failed to file a response or otherwise communicate with the Court.

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 30, 2014.

1

**DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

This action has been pending since October 21, 2014, and there is no operative complaint on file. The Court has afforded Plaintiff numerous opportunities to file an amended complaint, but he has failed to so do. The Court's order to show cause was clear in instructing Plaintiff that failure to comply would result in dismissal.

Accordingly, this action is DISMISSED without prejudice for Plaintiff's failure to follow a Court order and failure to prosecute. This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **June 1, 2015**               /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE